IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Wade Stepheny Jr., #141962 ) | |
| ) | Civil Action No. 4:08-3449-MBS-BHH |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case is before the Court on the defendant's motion to dismiss [Doc. 24], for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., which concerns the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).

The plaintiff filed this civil action in the United States District Court for the District of South Carolina, pursuant to 42 U.S.C. § 408, 42 U.S.C. § 1982, and 42 U.S.C. § 1983. His claims relate to the defendant's suspension of the plaintiff's Social Security retirement insurance benefits (RIB) and Supplemental Security Income (SSI) payments.

## BACKGROUND

On March 27, 2008, the plaintiff filed applications for RIB and SSI. (Moore Decl. ¶ 4; Exs. 1-2.) At that time, the plaintiff reported he was accused or convicted of a felony or an attempt to commit a felony but that he did not have any outstanding felony warrants for his arrest and denied being on parole or probation. *Id.* The plaintiff was provided copies of the two applications, agreed with the information shown and attested to the facts on both applications. *Id.* The plaintiff thereby became entitled to RIB in March 2008. (Decl. of Moore ¶ 4; Exs. 3-4.) He also began receiving SSI in March 2008. *Id.*

On June 26, 2008, the defendant received an alert that the plaintiff had been incarcerated on March 1, 2007. Based upon this alert, the defendant notified the plaintiff, on July 5, 2008, that the defendant planned to stop his RIB effective March 2008. (Decl. of

Moore ¶ 7; Ex. 7.) The defendant also explained that individuals imprisoned for the conviction of a crime are prohibited from receiving Social Security benefit payments. *Id.*

In his Complaint, the plaintiff alleges that the defendant terminated his RIB and SSI payments prior to his conviction of a crime. The plaintiff requests reimbursement of his RIB payments for the period of April 2008 through September 2008 and a judgment of $50,000.00 for pain and suffering.

## DISCUSSION

### I.  Claims for Social Security Benefits

The defendant contends that the plaintiff's benefits claims must be dismissed because they have not been administratively exhausted. Under 42 U.S.C. § 405(g) and (h), an individual must exhaust his administrative remedies before he may challenge the action of the Social Security Administration (SSA) in federal court. *See Latham v. Bowen,* 1989 WL 5444, at *1 (4th Cir. January 13, 1989) (citing *Weinberger v. Salfi*, 422 U.S. 749 (1975)). An individual is considered to have exhausted his remedies when he has received a "final decision of the Secretary made after a hearing." *Giacone v. Schweiker*, 656 F.2d 1238, 1242 (7th Cir.1981); *see also Latham,* 1989 WL 5444, at *1. A "final decision of the Secretary" is defined as a decision rendered by the Appeals Council which either reviews or denies review of a determination made by an administrative law judge (ALJ). *See Latham,* 1989 WL 5444, at *1; 20 C.F.R. §§ 404.940, 404.951.

It is undisputed that the plaintiff failed to appeal the suspension of either his RIB or his SSI payments. With respect to his SSI payments, the defendants have submitted evidence that the plaintiff failed to respond to either of the defendant's letters explaining the planned suspension of his SSI payments effective July 2008. (Moore Decl. ¶ 13; Exs. 14-15.) Moreover, the plaintiff failed to appeal such determinations. (Moore Decl. ¶ 14.) Thus, the defendant's determination to suspend the plaintiff's SSI benefits likely became binding when the plaintiff failed to appeal rights expired. *See* 20 C.F.R. §§ 416.1405, 416.1421, 416.1455, 416.1481.

Concerning his RIB payments, the defendant admits it failed to send the thirty (30) day notices advising the plaintiff of his right to appeal the determination. But as of the time of briefing of this motion, the defendant indicated that it had done so. Upon receipt of such notice, the plaintiff will have an opportunity to file an administrative appeal. See 20 C.F.R. § 404.905, 404.921, 404.955, 404.981.

The plaintiff has not made any cogent response to the allegation that he has failed to exhaust his administrative remedies. He simply contends that he "did not fail[] to exhaust administrative remedies . . . ." (Pl. Resp. at 3.) The plaintiff does not dispute the representations of the defendant nor does he offer evidence of his own to the contrary. There is no evidence that the plaintiff exhausted his administrative remedies. The plaintiff has also failed to recommend any recognized basis upon which the requirement to exhaust his remedies might be excused. *See Heckler v. Ringer*, 466 U.S. 602, 618 (1984); *see also Cleaton v. Secretary, Dept. of Health and Human*, 815 F.2d 295, 300 (4th Cir.1987).

Accordingly, the Court would recommend dismissal of the claims *without prejudice*. The defendant has indicated that as to the SSI payments the determination is now binding, insofar as the time has expired for appeal. That is likely true but the Court would not unnecessarily handcuff the plaintiff's future rights in this Court if for some reason an avenue still possibly remained administratively open for review of the SSI determination.

## II.     Claims for Money Damages

The plaintiff has also pled a claim for money damages insofar as his benefits were denied without due process of law. The plaintiff contends that the defendant and its employees "callously profiled plaintiff and deliberately treated the plaintiff indifferently, under 42 U.S.C. 1982 & 1983." (Compl. at 4.) The defendant has responded, characterizing this claim as one pursuant to the Federal Tort Claims Act for negligent or wrongful conduct by a federal official or agency, 28 U.S.C. § 2675. To the extent the district court agrees that the claim should be construed as an FTCA, then the plaintiff must first exhaust his administrative remedies. *See Plyler v. United States*, 900 F.2d 41, 42 (4th Cir.1990)

3

(FTCA). There is no evidence he has done so. The claim, therefore, should be dismissed *without prejudice*.

The undersigned, however, views the claim as one brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against a federal official or agency for an alleged constitutional violation. The plaintiff specifically pled 42 U.S.C. § 1983. The United States Supreme Court, however, has indicated that there is no *Bivens* action for alleged due process violations in denying Social Security benefits. *See Schweiker v. Chilicky*, 487 U.S. 412, 423-26 (1988). Accordingly, any such attempted claim should be dismissed.

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, the Court recommends that the defendant's motion to dismiss [Doc. 24] should be GRANTED. As to the plaintiff's claims for benefits pursuant to 20 U.S.C. § 408, they should be dismissed *without prejudice*. As to the plaintiff's Federal Torts Claim Act claims, if any, they should be dismissed *without prejudice*. As to the plaintiff's *Bivens* claims, if any, that claim should be dismissed *with prejudice*. These recommendations, however, do not implicate or resolve the defendant's outstanding counterclaim in this case [Doc. 21].

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

November 4, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).